United States District Court
Southern District of Texas
**ENTERED**
October 15, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LIXANDRA ALVAREZ PUPO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-04405 |
| | § | |
| MARTIN FRINK, *et al.*, | § | |
| | § | |
| Respondents. | § | |

# ORDER

Before the Court are Petitioner Lixandra Alvarez Pupo's Petition for Writ of Habeas Corpus (Doc. #1), Respondents' Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss and, in the Alternative, for Summary Judgment (the "Motion for Summary Judgment") (Doc. #15), and Petitioner's Response to the Motion for Summary Judgment (Doc. #16). Having considered the parties' arguments and applicable legal authority, the Court denies the Motion for Summary Judgment and grants the Petition for Writ of Habeas Corpus.

Petitioner Lixandra Alvarez Pupo ("Petitioner"), a citizen of Cuba, entered the United States without inspection at an unknown place on an unknown date.[1] Doc. #15, Ex. 1 at 8. In early 2022, Immigration and Customs Enforcement ("ICE") took Petitioner into custody after determining she had unlawfully entered the United States from Mexico. *Id.* at 18. Shortly thereafter, on February 1, 2022, Petitioner was released on her own recognizance, subject to certain

---

[1] Both the Petition for Writ of Habeas Corpus and Motion for Summary Judgment suggest Petitioner entered the United States in 2022. Doc. #1 at 10; Doc. #15 at 2. Petitioner claims—and Respondents do not dispute—that she has continually resided in this country ever since. Doc. #1 at 10; *see* Doc. #15.

conditions. *Id.* at 15. Respondents do not contend Petitioner ever violated any condition of her release. Doc. #16 at 2; *see* Doc. #15.

Nevertheless, more than four years later, on February 18, 2026, ICE re-detained Petitioner. Doc. #15 at 2. At that time, the Department of Homeland Security ("DHS") issued a Notice to Appear, charging Petitioner with being "an alien present in the United States who has not been admitted or paroled" and is therefore inadmissible under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act. Doc. #15, Ex. 1 at 8–11. Since then, Petitioner has remained detained at the Houston Contract Detention Facility in Houston, Texas and has not been afforded a bond hearing. Doc. #1, Ex. 2; Doc. #15 at 6; Doc. #16 at 2. According to the record before the Court, Petitioner has no criminal history, is not a flight risk, and does not otherwise pose a danger to the community. Doc. #1 at 11; Doc. #15, Ex. 1 at 18.

Respondents argue Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2). Doc. #15 at 2–7. Petitioner contends that her re-detention violates the Due Process Clause of the Fifth Amendment. Doc. #1 at 12–16. Courts in the Southern District of Texas have held that the re-detention of a noncitizen previously released on recognizance, without a pre-deprivation hearing or a showing of changed individual circumstances, violates procedural due process. *See Betancourth v. Tate*, No. 4:26-CV-01169, 2026 WL 638482 at *3–5 (S.D. Tex. Mar. 6, 2026); *Perea-Berrio v. Tate, et al.*, No. 4:26-CV-01568, 2026 WL 709481 at *3 (S.D. Tex. Mar. 13, 2026); *Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 at * 4–6 (S.D. Tex. Feb. 25, 2026); *Leon v. Joe Corley Detention Facility*, No. CV 4:26-1341, 2026 WL 905191, at *3–5 (S.D. Tex. Apr. 2, 2026). Likewise, courts have found procedural due process violations where noncitizen detainees lack criminal history, are not flight risks, and pose no danger to the community. *See Batalla Nava v. Tate*, 4:26-cv-739, 2026 WL 1103033, at *2–4 (S.D. Tex. Apr.

23, 2026); *Reyes Suarez v. Thompson, et al.*, 4:26-cv-678, 2026 WL 1103030, at *2–4 (S.D. Tex. Apr. 23, 2026); *Rodriguez v. Frink*, 4:26-cv-798, 2026 WL 709487, at *8–10 (S.D. Tex. Mar. 13, 2026). The Court sees no reason to reach a different conclusion here.

Accordingly, the Court concludes that Petitioner's re-detention, without an individualized assessment or opportunity to be heard, violates her right to procedural due process. After reviewing the authorities and the record, the Court determines that release is the appropriate habeas relief for the unlawful detention in this case. *See Brown v. Davenport*, 596 U.S. 118, 128 (2022) ("[F]ederal courts may grant habeas relief as law and justice require.") (cleaned up).

For the foregoing reasons, Respondents' Motion for Summary Judgment is DENIED. Doc. #15. Furthermore, Petitioner's Petition for Writ of Habeas Corpus is GRANTED. Doc. #1.

The Court therefore ORDERS as follows:

1. Respondents are ORDERED to effectuate Petitioner's immediate release from custody within forty-eight (48) hours of the entry of this Order. Petitioner shall be released in a public place within the Southern District of Texas.
2. Respondents are further ORDERED to inform Petitioner's counsel or Petitioner's next friend of the time and location of her release at least three (3) hours before release.
3. Respondents are further ORDERED to return to the Petitioner, at the time of her release from custody, any and all identification documents taken from her at the time of or during detention.
4. Respondents may not re-detain Petitioner during the pendency of her removal proceedings absent a pre-detention hearing before an Immigration Judge at which the government demonstrates, by clear and convincing evidence, that she is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

5. Respondents are further ORDERED to file a status report updating the Court within seventy-two (72) hours of this Order, informing the Court of the status of Petitioner's release.

6. All other pending motions, if any, are DENIED as MOOT.

It is so ORDERED.

OCT 15 2026

Date

The Honorable Alfred H. Bennett
United States District Judge